UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>DOES 1-20, d/b/a YESPORNPLEASE.COM and/or VSHARE.IO,<br><br>　　　　　　Defendants. | **Case No.: 3:20-cv-05134-BHS**<br><br>**PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION FOR EARLY DISCOVERY**<br><br>NOTE ON MOTION CALENDAR:<br>February 28, 2020 |

　　　　Plaintiff, MG Premium Ltd (hereinafter "MG Premium" or the "Plaintiff") files this Motion for Early Discovery (hereinafter this "Motion") in the above-captioned case through its counsel, Spencer D. Freeman, The Freeman Law Firm, Inc.  Plaintiff seeks leave of this Court to discover the identities of all owners and operators of YesPornPlease.com and VShare.io, the web sites infringing MG Premium's copyrighted works.  This information is essential to prosecuting the Complaint filed by Plaintiff in this case (DKt. No. 1).  To effectuate this goal, Plaintiff seeks a Court order allowing it to serve discovery demands on PayPal, Inc.; Domain Protection Services; Name.com, Inc.; Cloudflare, Inc.; Namecheap.com; Tucows Domains, Inc.;

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 1

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Internet Security Research Group; and, Comodo, Inc. for identifying information of their customers, the Defendants in this case.

## I.     INTRODUCTION

Plaintiff MG Premium seeks the identities of the John Doe Defendant, the owner and operators of YesPornPlease.com and VShare.io.  Step one in this particular case in identifying them is to serve discovery requests upon the website hosting companies and internet service providers associated with the named web site and delivery of the content on the named web site.  MG Premium seeks leave of Court to serve subpoenas on these online service companies and other third parties in advance of this case's Rule 26(f) conference, in order to discover the true identity of the defendants in order to serve them with process in this case.

## II.     FACTUAL BACKGROUND

Plaintiff MG Premium is a private limited liability company organized under the laws of the Republic of Cyprus and owns and operates one of the largest portfolios of premium adult oriented audiovisual content in the world.  MG Premium and markets to an audience throughout the United States.  To protect its content and business conducted in the United States, MG Premium registered copyrights in its content with the U.S. Copyright Office.  See Complaint, ¶¶ 24-26, Dkt. No. 1.

The named Defendants, Does 1-20, are unknown persons and/or entities operating YesPornPlease.com and VShare.io.  YesPornPlease.com is video streaming web site targeting United States viewers, enticing them to view illegally displayed copyright protected materials, including copyrights owned by MG Premium.  YesPornPlease.com averages over 96 million hits per month, with the largest percentage United States viewers.  See Complaint, ¶ 11, Dkt. No. 1.

In addition to enticing Internet users to view copyright infringed content,

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 2

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  YesPornPlease.com entices users to upload content to the web site.  In order to upload content
2  to YesPornPlease.com, a user is required to first upload the video on VShare.io.  Once
3  uploaded onto VShare, instructions on YesPornPlease.com direct the user to copy the URL
4  assigned to the video by VShare and paste the link on YesPornPlease.com.  See Complaint, ¶¶
5  38-48, Dkt. No. 1.  Defendants also utilized the domain ezcgwym5xp7ty.com in delivering
6  and/or displaying videos from YesPornPlease.com to viewers in the United States.
7  *Declaration of Jason Tucker In Support of Motion for Early Discovery ("Decl. J. Tucker")*, p
8  3, ¶ 14.

9  YesPornPlease.com is not an Internet Service Provider and has no DMCA safe
10 harbor protections.  See Complaint, ¶¶ 54, Dkt. No. 1.

11 While the copyright infringement on YesPornPlease.com is obvious and blatant,
12 the owners and operators of the web site have gone to great lengths to hide their
13 identities.  For YesPornPlease.com, they currently use a U.S. privacy service, Domain
14 Protection Services located in Colorado, to hide their identity from public Internet
15 listings.  They also utilize foreign hosting service.  *Decl. J. Tucker,* p 3, ¶¶ 10-11.

16 With protection of the privacy service for public display of identity,
17 YesPornPlease.com utilized Name.com, Inc. (incorporated in Nevada and located in Colorado)
18 as the domain registrar and Cloudflare (a California company) as the domain name server.
19 *Decl. J. Tucker,* p 4, ¶¶ 18-19.  Vshare.io utilizes Namecheap.com (located in California and
20 Arizona) as the domain registrar and Cloudflare as its domain name server.  *Decl. J. Tucker,* p
21 3, ¶¶ 20, 22.

22 However, in order to target United States viewers, the owners and operators
23 utilize systems and vendors in the United States.  To ensure more efficient and fast
24 delivery to United States viewers, YesPornPlease.com and VShare.com utilize Content
25 Delivery Network (CDN) services from Cloudflare, Inc., located in California.  *Decl. J.*
26 *Tucker,* p 3-4, ¶¶ 12-13, 22.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 3

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

2   Vshare.io has an affiliate program enabling users to earn money based upon number of views of a video posted by that user. Affiliates are encouraged to recruit other affiliates with incentive programs. The operators/owners of VShare.io paid affiliates through PayPal, Inc., based in California. *Decl. J. Tucker,* p 5, ¶ 23.

6   The domain ezcgwym5xp7ty.com is registered through Tucows Domains, Inc., with offices in Bellevue, Washington, and done so through the use of privacy services. It also uses a Secure Sockets Layer (SSL) Certificate. This digital certificate authenticates the identity of a website to protect sensitive information from being visible to hackers. In order to secure an SSL Certificate, a website operator must sign up through a Verisign SSL vendor and provide identifying information to that company authorized to provide Certificates. The ezcgwym5xp7ty.com URL secured its SSL Certificate via Let's Encrypt, a San Francisco, California based service of the Internet Security Research Group (ISRG). *Decl. J. Tucker,* p 3, ¶¶ 15-16.

15  Vshare.io obtained an SSL Certificate through Comodo, Inc., a company located in New Jersey, as did YesPornPlease.com. *Decl. J. Tucker,* p 4, ¶¶ 24.

17  The vendors for YesPornPlease.com and Vshare.io, including PayPal, Inc.; Domain Protection Services; Name.com, Inc.; Cloudflare, Inc.; Namecheap.com; Multi Media LLC. and Comodo, Inc. have been contacted by a Plaintiff representative and have either ignored requests for information or previously instructed that information will only be produced upon subpoena. *Declaration of Spencer Freeman In Support of Motion for Early Discovery ("Decl. S. Freeman"),* p 2, ¶¶ 2-3.

### III.   ARGUMENT

Federal Rules allow for discovery prior to a Rule 26(f) conference upon a showing of good cause. *See Dell Inc. v. BelgiumDomains, LLC*, 2007 U.S. Dist. LEXIS 98676, 18 (S.D.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 4

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Fla. 2007); *see also* Ayyash *v.* Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting ex parte expedited discovery from third parties where plaintiff showed good cause); *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying a good cause standard to plaintiff's request for expedited discovery); *and Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (applying a good cause standard to plaintiff's request for expedited discovery).

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id.* at 578-80. Each of these factors resolves in favor of granting Plaintiff's requested relief.

First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by individuals and/or entities owning or operating YesPornPlease.com and VShare.io. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who own and operate the infringing web sites and performed the infringing acts.

Second, there are no other practical measures Plaintiff could take to identify the Doe Defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by the domain privacy service, registrar service and other service providers. Due to the nature of on-line transactions which in this case includes in certain instances of the crypto currency Bitcoin, Plaintiff has no way of determining Defendants'

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 5

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  identities except through immediate discovery, and follow-up discovery.

2  Third, Plaintiff has asserted *prima facie* claims for copyright infringement, contributory copyright infringement, and vicarious infringement in its Complaint, which can withstand a motion to dismiss. Specifically, Plaintiff has alleged that (i) it owns and has registered the copyright in the work at issue; and (ii) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations state a claim for copyright infringement. Similarly, the Defendants knew of their infringement, and were conscious of their uploading of Plaintiff's copyrighted work, refused to take down Plaintiff's copyrighted work, and substantially participated in others' infringement of the Plaintiff's copyrighted work, which would have been impossible without Defendants' uploading and sharing of the relevant motion pictures.

When outlining the above factors, the court in *Columbia Ins.* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors across cyberspace, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia Ins.*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible." *See Columbia Ins.*, 185 F.R.D. at 580; *see also Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980).

The infringement and other wrongful acts at issue in this action occurred online. The key instrumentality of the infringements is the YesPornPlease.com and VShare.com websites. The owners and operators of these websites are clearly liable for copyright infringement, and

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 6

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

the domain privacy services, domain registrars, advertising companies, and website hosting services most likely have these persons' or entities' names, addresses, billing information, and likely other information that will make it possible to reliably identify the proper party in this case.  As these persons and/or entities may have taken steps to hide their true identities from these Internet vendors, further follow-up discovery may be necessary.

Plaintiff requests discovery to be served on PayPal, Inc., Domain Protection Services; Name.com, Inc.; Cloudflare, Inc.; Namecheap.com; Tucows Domains, Inc.; Internet Security Research Group; and, Comodo, Inc..   Therefore the Plaintiff requests that the Court issue an Order allowing Plaintiff to serve subpoenas on these relevant Internet vendors and discovered ISPs, wherein Plaintiff shall request the specific subscriber information necessary to confirm the identity of the ISP subscriber in order to fully translate the identity of the Defendants. Since 47 U.S.C. § 551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some ISPs are also cable operators, Plaintiff requests that the Court's Order state clearly that the Court has contemplated the Cable Privacy Act, and that the order specifically complies with the Act's requirements. *See* 47 U.S.C. § 551.

### IV.   CONCLUSION

The Plaintiff requests that the Court issue the requisite Order instructing Paypal, Inc.; Domain Protection Services; Name.com, Inc.; Cloudflare, Inc.; Namecheap.com; Tucows Domains, Inc.; Internet Security Research Group; and, Comodo, Inc.to turn over all information pertinent to the identity of the owners, operators, and principals operating the YesPornPlease.com, VShare.io, and ezcgwym5xp7ty.com websites, domain names, and relevant accounts for each.  This should include, but should not be limited to, names, addresses, billing address, email exchanges or other correspondence with the relevant party, and all IP address login information for the YesPornPlease.com, VShare.io, and ezcgwym5xp7ty.com domain name accounts.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 7

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1 | Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works. Plaintiff additionally requests permission to engage in limited discovery by issuing interrogatories and/or deposing the individuals identified by the first round of discovery requests, or the second round (requests sent to the ISPs), in order to determine whether or not the Internet subscriber is a proper defendant in this action. This motion is presented on an emergency basis, as once the Defendants are informed of the fact that the Plaintiff seeks their information, they are likely to take further steps to hide their identities and/or to fraudulently transfer assets.

RESPECTFULLY SUBMITTED this 28th day of February, 2020.

**FREEMAN LAW FIRM, INC.**

_/s/ Spencer D. Freeman_
Spencer D. Freeman, WSBA#25069
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org

Attorneys for Plaintiff

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
[3:20-cv-05134-BHS]
- 8

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)