**UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS ZANG, an individual; HOWARD STROBLE, an individual; MATHEW BRADLEY, an individual; MICHAEL GOAL, an individual; MATEUSZ CZAJKA, aka CZAJKA MATEUSZ, aka CZAJKA WIESLAWA, an individual; and DOES 1-20, d/b/a YESPORNPLEASE.COM and/or VSHARE.IO,<br><br>Defendants. | Case No. 3:20-cv-05134-BHS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MG Premium Ltd (hereinafter referred to as "Plaintiff" or "MG Premium") by and through its counsel of record files this Complaint against Defendants Thomas Zang, Viktor Ivanov, Aleksey Samokhin, Howard Stroble, Mathew Bradley, Michael Goal, Mateusz Czajka, and Does 1-20, d/b/a Yespornplease.com and/or vshare.io (collectively hereinafter referred to as "Defendant" or "Defendants").

**PRELIMINARY STATEMENT**

1.      MG Premium is among the world's leading providers of premium adult entertainment content.  By this lawsuit, MG Premium seeks to protect thousands of its copyrighted audiovisual works from blatant infringement by Defendants.

2.      The conduct that gives rise to this lawsuit is egregious and willful.  Defendants own and operate websites engaged in the business of copying and distributing infringing audiovisual works.  Under the guise of acting as a distributor of "user-generated content," Defendants in fact are directly and knowingly involved in the trafficking of tens of thousands of pirated works – including thousands of works owned by MG Premium.  Moreover, though Defendants are not "service providers," not engaged in the storage of content at the direction of users, and thus are not entitled to any of the safe-harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512), Defendants do not even attempt to comply with their obligations under the DMCA.  Instead, Defendants systematically refuse to comply with proper and compliant DMCA takedown notices.

3.      Defendants' actions are causing serious harm to MG Premium and its business and must be put to a stop immediately.  Because Defendants will not do so voluntarily, MG Premium now comes before this Court seeking injunctive relief and substantial damages.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

5.      This Court has subject matter jurisdiction over MG Premium's claims for copyright infringement and violation of the Digital Millennium Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Defendant Does 1-20 are currently unknown individual(s) and/or entity(ies) that own and operate two websites, one located at the uniform resource locator ("URL") https://yespornplease.com (the "YesPornPlease Web Site") and the other located at the URL https://vshare.io (the "VShare Web Site").

7. Defendant Does 1-20 act in concert with each other in the operation of the YesPornPlease Web Site and the VShare Web Site.

8. The YesPornPlease Web Site and the VShare Web Site are operated in concert with each other for purposes of the copyright infringement allegations alleged herein.

9. Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through the YesPornPlease Web Site, directly supported by and in concert with the VShare Web Site.

10. Based on a website analysis overview report prepared by Similarweb.com, an industry trusted web site analytics company, dated January 2020 (the "SimilarWeb Report"), for the three-month period ending December 31, 2019, the YesPornPlease Web Site averaged approximately 96.63 million monthly visitors. Of these users, visitors from the United States made up the largest market at 17.63%, with the next largest market being visitors from Poland at 5.21%.

11. Based on the SimilarWeb Report, for the three-month period ending December 31, 2019, Internet traffic driven to the YesPornPlease Web Site from social media platforms came predominantly from United States based entities, such as Youtube, LLC, a California based company, which accounted for 62.32% of such traffic, Facebook, Inc., a California based company, which accounted for 14.15% of such traffic, and Reddit, Inc., a California based company, which accounted for 9.33% of such traffic.

12. Defendants utilize domain name servers for the YesPornPlease Web Site that are located in California and owned by Cloudflare, Inc., a corporation incorporated under the laws of the State of Delaware.

13. Defendants utilized, at times relevant herein, Name.com, Inc., a corporation incorporated under the laws of the State of Nevada that has an address in Colorado, as the domain registrar for the YesPornPlease Web Site.

14. Defendants have attempted to hide their identity as the registrant of the YesPornPlease Web Site by use of a United States privacy services, Domain Protection Services,

Inc., a corporation incorporated under the laws of the State of Nevada that has an address in Denver, Colorado.

15. Defendants utilize Namecheap.com, a corporation incorporated under the laws of the State of Delaware and headquartered in California that provides an address in Phoenix, Arizona for contact information, as domain registrar for the VShare Web Site.

16. Advertising links on Yespornplease.com were once displayed from hibinds10.com, a domain hosted in New York at Webair Internet Development Company, Inc.

17. The YesPornPlease Web Site displays geo-targeted pop-up advertisement to U.S. users, meaning the operators of the web site have means to determine the general locale of each user and displays advertisements consistent and/or specific to the U.S.

18. Defendants use of U.S. vendors for domain name servers, privacy services, advertisers, geo-targeted ads and other services illustrate that Defendants are expressly aiming their web site and business at the United States Market.

19. Upon information and belief, the Defendants all transact business in this Judicial District by way of their interactive website and through their interactivity with United States and Washington residents who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State. The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this District. The Defendants are amenable to service of process pursuant to the state Long-Arm Statute, and Fed.R.Civ.P. 4(e).

20. Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

21. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338.

22. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

23. This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## PARTIES

24. MG Premium is, and at all relevant times was, a private limited liability company organized under the laws of the Republic of Cyprus, and has its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540. MG Premium is the holder of the copyrights associated with many well-known brands of adult content, including "Reality Kings", "Brazzers", MOFOS", "Babes.com", and "Twistys" among others.

25. MG Premium owns and operates one of the largest portfolios of premium adult-oriented audiovisual content in the world. MG Premium routinely registers copyrights in its contents with the U.S. Copyright Office.

26. A schedule of the MG Premium copyrighted works at issue in this case thus far, which have been registered with the U.S. Copyright Office, is attached hereto as Schedule A (the "Subject Works").

27. MG Premium licenses its content for valuable consideration, including for display on various adult entertainment web sites.

28. MG Premium has never authorized or given consent to Defendants to use their copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

29. Defendants own and operate the YesPornPlease Web Site and the VShare Web Site.

30. Defendant Thomas Zang (hereinafter "Zang") resides in Belize.

31. Defendant Zang is an administrative contact person and payor for key vendors associated with the operation of the YesPornPlease Web Site and the VShare Web Site, including registration of the respective domains.

32. Defendant Howard Stroble (hereinafter "Stroble") resides in, upon information and belief, Illinois, United States.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 5

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

33. Defendant Stroble is an administrative contact person and payor for key vendors associated with the operation of the YesPornPlease Web Site, including vendors that providing streaming and content delivery network services for display of videos in the United States.

34. Defendant Matthew Bradley (hereinafter "Bradley") resides in, upon information and belief, Gibraltar or Great Britain.

35. Defendant Bradley is an administrative contact person and payor for key vendors associated with the operation of the YesPornPlease Web Site, including vendors that providing streaming and content delivery network services for display of videos in the United States.

36. Defendant Michael Goal (hereinafter "Goal") resides, upon information and belief, in Columbia.

37. Defendant Goal is an administrative contact person and payor for key vendors associated with the operation of the YesPornPlease Web Site, including vendors that providing streaming and content delivery network services for display of videos in the United States.

38. Defendant Mateusz Czajka (hereinafter "Czajka") is also known as Czajka Mateusz and Czajka Wieslawa. Upon information and belief, Defendant Czajka resides in Poland.

39. Defendant Czajka is an owner and/or operator of the YesPornPlease Web site and VShare Web Site, including having access to and gaining access to the sites' vendors such as registrar, streaming services, and content delivery networks.

40. The YesPornPlease Web Site and the VShare Web Site are each based and operated outside the United States, with full intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market. It appears that the YesPornPlease Web Site is hosted by a company in Russia, but it is currently unknown where the owners and operators are located.

41. Defendants Does 1 through 20 are the owners, operators, shareholder executives, and affiliates of the YesPornPlease Web Site and the VShare Web Site. MG Premium is unaware of the true names or capacities of Does 1 through 20. MG Premium is informed and believes, and

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF- 6

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

on that basis alleges, that Does 1 through 20 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of the web sites, and/or (c) otherwise participated in the acts alleged herein with the owners and operators of the web sites. Accordingly, Does 1 through 20 each are liable for all the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by MG Premium as alleged herein. MG Premium will amend the complaint to state the true names of Does 1 through 20 when their identities are discovered.

## STATEMENT OF FACTS

42. The YesPornPlease Web Site is a pirate website, displaying copyrighted adult entertainment content without authorization or license. The YesPornPlease Web Site is operated in conjunction with the VShare Web Site, wherein purported Internet users desiring to post videos on the YesPornPlease Web Site must actually upload the video to the VShare Web Site and then are directed to "copy and paste" the URL assigned to the uploaded video on the VShare Web Site onto the YesPornPlease Web Site.

43. In order to gain access to all of the highly interactive web site represented functions, users of the YesPornPlease Web Site must sign up for an account. Internet users can simply watch videos on the YesPornPlease Web Site for free without an account.

44. The sign-up process for the YesPornPlease Web Site requires entry of a username, password, email address, gender identity, age certification, agreement to Terms of Use and Privacy Policy, and captcha entry (Completely Automated Public Turing test to tell Computes and Humans Apart).

45. Neither Terms of Use nor Privacy Policy exist on the YesPornPlease Web Site. Selecting either link results in redirection to the site's homepage.

46. The entry of an email address during the YesPornPlease Web Site sign-up process does *not* result in an email verification for the user.

47. Once a YesPornPlease Web Site user has signed up, the user can, among other things, post videos for display on the site.

48. A user cannot upload a video directly to the YesPornPlease Web Site. In fact, a user cannot upload on the YesPornPlease Web Site without utilizing the VShare Web Site.

49. To post a video on YesPornPlease Web Site, users are instructed to first upload the video on the VShare Web Site. Once the video is uploaded onto the VShare Web Site, instructions on the YesPornPlease Web Site tell the user to copy the URL assigned to the video by the VShare Web Site and paste the link on the YesPornPlease Web Site.

50. A user may anonymously upload content onto the VShare Web Site without providing identifiable information. In fact, a user may upload content onto the VShare Web Site with a simple "drag and drop" process.

51. Users of the YesPornPlease Web Site are provided the following instruction for uploading content:

1. Visit vShare.io (https://vshare.io/?upload=1), vShare.io is a free service that allows you to upload and store your files.
2. Upload your file. Just follow the instructions on vShare.io (https://vshare.io/?upload=1). It is a simple drag & drop process.
3. Get the link. Press Get a link to file in your File Manager. Link should look like that: http://vshare.io/d/xxxxxx

52. While the process appears to have the user posting an embedded link on the YesPornPlease Web Site, such is not the case as it appears the YesPornPlease Web Site and VShare Web Site share servers or the YesPornPlease Web Site copies the video from the VShare Web Site onto its own server.

53. When viewing the video on the YesPornPlease Web Site, the URL *does not* lead back to the VShare Web Site as it would if the video were an embedded link being served from VShare. Rather, the video streams from a YesPornPlease Web Site URL, indicating that it is streamed from a location utilized specifically by the YesPornPlease Web Site.

54. When viewing the video on the YesPornPlease Web Site, a moving intermittent watermark is visible on the videos stating that "This video was uploaded to Yespornplease.com."

55. If one were to locate a video available on the YesPornPlease Web Site on the VShare Web Site, the video would also display the watermark stating, "This video was uploaded to Yespornplease.com."

56. On the YesPornPlease Web Site page where a user is directed to add a video, the user is informed:

> "We accept only full-length HD [1080p source file] videos with original title and full list of tags. [Example]. You can add 1 videos [sic] daily. The more your videos are accepted to HOT section the more you can add every day. Focus on quality not quantity."

57. Thus, while initially only permitted to post one video per day, users are encouraged to post higher quality videos in order to receive an increase in the limits to their posting on the YesPornPlease Web Site.

58. The encouragement for users to earn increased posting limits comes with a monetary reward. When posting a video on the VShare Web Site, users are further informed of an affiliate program whereby they can earn money. By becoming an affiliate to the VShare Web Site, users can earn money for each view of a video on the YesPornPlease Web Site posted through the VShare Web Site. The affiliate's payout rate is determined based upon a variety of factors, including file size (calculated in minutes), the amount of content downloaded, and the length of time content is watched/viewed. The more content watched, the more money an affiliate makes.

59. The example link that is/was utilized as an illustration of *quality* directs the user to a web page on the YesPornPlease Web Site that features professionally produced infringing content from Brazzers Network, for which MG Premium holds the copyrights.

60. The scheme to monetize the unlawful copyright infringement on the YesPornPlease Web Site may not be obvious to the general observer. There are currently no advertising banners

visible on the site, though such were present during earlier documentation of the infringements alleged herein. However, advertising was and is the sole manner in which Defendants make money on the YesPornPlease Web Site.

61. Instead of static banner advertisement, upon viewing videos on the YesPornPlease Web Site, the user will be periodically shown pop-up advertisement. A "pop-up" advertisement is just that, an ad that seemingly randomly appears on the user's screen.

62. The pop-up advertisements on the YesPornPlease Web Site are geo-targeted, meaning the operators of the YesPornPlease Web Site have means to determine the general locale of each user and displays advertisements consistent and/or specific to the locale.

63. Videos on the YesPornPlease Web Site may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via Email to anyone. Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

64. The YesPornPlease Web Site fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA. Specifically, the YesPornPlease Web Site does not have an appointed registered DMCA Agent. Further, Defendants fail to honor take-down notices sent to the YesPornPlease Web Site and have failed to implement a reasonable repeat infringer policy.

65. MG Premium's agents routinely police web sites to identify infringement of MG Premium's copyrighted works. In the course of doing so, MG Premium's agents discovered many MG Premium's copyrighted works made available, in full, to the public on the YesPornPlease Web Site for free and without license or authorization from MG Premium.

66. Specifically, between July 2017 and January 2020 it was discovered that the YesPornPlease Web Site displayed 3,078 of Plaintiff's copyright registered works over 6,395 separate and distinct URLs - each a part of the YesPornPlease Web Site. These copyrighted works

are listed in Exhibits A with the YesPornPlease.com infringing URLs in Exhibit B, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

67.     For a substantial portion of the unauthorized videos, MG Premium sent a series of takedown notices to the YesPornPlease Web Site and to the VShare Web Site pursuant to 17 U.S.C. § 512(c). Collectively, MG Premium has sent takedown notices referencing thousands of infringing URLs to the YesPornPlease Web Site and to the VShare Web Site, over 98% of which have been ignored.

68.     Of the users that posted MG Premium's copyrighted works on YesPornPlease.com, based upon the number of take-down notices sent, many ought to be properly classified as repeat infringers under any reasonable repeat infringement policy. Defendants do not have a stated repeat infringer policy and none of the users were terminated by Defendants.

69.     Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles. The infringement is clear and obvious even to the most naïve observer. Plaintiff's copyrighted works are indexed, displayed and distributed on the YesPornPlease Web Site and the VShare Web Site through Defendants and the Doe Defendants acting in concert. Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

70.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

71.     Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany

its rights in the copyrighted works.  Defendants disregard for copyright trademark laws threaten Plaintiff's business.

72. Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

73. Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

### FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*
### Against All Defendants

74. MG Premium repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

75. MG Premium is the owner of valid and registered copyrights in the Subject Works.

76. MG Premium registered each copyright with the United States Copyright Office.

77. Defendants have infringed, and are continuing to infringe, MG Premium's copyrights by reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

78. Defendants did not have authority or license to copy and/or display the Subject Works.

79. MG Premium has never authorized or given consent to Defendants to use the Subject Works in the manner displayed and exploited by Defendants.

80. Defendants knew or reasonably should have known they did not have permission to exploit the Subject Works on the YesPornPlease Web Site and on the VShare Web Site and further knew or should have known their acts constituted copyright infringement.

81. Defendants' acts of infringement are willful, in disregard of, and with indifference to the manner displayed and exploited by Defendants.

82. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

83. The quantity and quality of copyright files available to users increased the attractiveness of Defendants' service to its customers, increased its users base, and increased its ad sales revenue.

84. Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code, enabling users of the YesPornPlease Web Site and of the VShare Web Site to view copyrighted videos and images for free.

85. Defendants controlled the files owned by MG Premium and determined which files remained for display and distribution.

86. Defendants never implemented or enforced a "repeat infringer" policy.

87. Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites.

88. Defendants, through the YesPornPlease Web Site and the VShare Web Site, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

89. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of MG Premium's registered copyrights.

90. Because of their wrongful conduct, Defendants are liable to MG Premium for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

91. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

92. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

93. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding all infringing materials. 17 U.S.C. §503.

94. Because of Defendants' acts and conduct, MG Premium has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is not adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe MG Premium's rights in the Subject Works. MG Premium is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

**SECOND CAUSE OF ACTION**
**Inducement of Copyright Infringement**
**Against All Defendants**

95. MG Premium repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

96. Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed MG Premium's copyrighted works. These individuals reproduced, distributed and publicly disseminated MG Premium's copyrighted works through Defendants' website.

97. On information and belief, Defendants have encouraged the illegal uploading and downloading of MG Premium's copyrighted works, thus inducing the unauthorized reproduction,

adaptation, public display and/or distribution of copies of the MG Premium's copyrighted works, and thus to the direct infringement of MG Premium's copyrighted works.

98. Defendants' actions constitute inducing copyright infringement of MG Premium's copyrights and exclusive rights under copyright in the MG Premium's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

99. The infringement of MG Premium's rights in and to each of the MG Premium's copyrighted works constituted a separate and distinct infringement.

100. The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to MG Premium's rights.

101. As a direct and proximate result of the infringements by Defendants of MG Premium's copyrights and exclusive rights under copyright in the MG Premium's copyrighted works, MG Premium is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

102. Alternatively, MG Premium is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

103. MG Premium is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

104. Because of Defendants' acts and conduct, MG Premium has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe MG Premium's rights in the Subject Works. MG Premium is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MG Premium Ltd prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award MG Premium relief including, but not limited to, an Order:

A. Preliminarily and permanently enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

> (1) Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of MG Premium's copyrighted works, including the Subject Works, or any portion(s) thereof in any form;
>
> (2) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of MG Premium's copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of MG Premium's copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;
>
> (3) Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank

account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use of any of MG Premium's copyrighted works, including the Subject Works;

(4) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits or makes any use of MG Premium's copyrighted works, including the Subject Works, or portion(s) thereof;

(5) Transferring or performing any function that results in the transfer of the registration of the domain name of the Yespornplease Website or the Vshare Web Site to any other registrant or registrar; and

(6) Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

B. Requiring Defendants and their officers, servants, employees, agents and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries administering, holding, listing, or otherwise having control over the domain name https://yespornplease.com or any other domain name used in conjunction with Defendant's infringing activities, to transfer such domain name to MG Premium's ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of MG Premium's choosing, unless MG Premium requests that such domain name be held and/or released rather than transferred.

1    C.    Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons or entity acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

   (1)    To block or attempt to block access by United States users of the YesPornPlease Web Site and the VShare Web Site by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to the YesPornPlease Web Site and/or the VShare Web Site;

   (2)    To re-route all domains, subdomains, URLs, and/or IP Addresses that provides access to each and every URL available from each of the YesPornPlease Web Site and/or the VShare Web Site and their domains and subdomains.

D.    That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

E.    That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants' profit;

F.    That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.    That Plaintiff be awarded enhanced damages and attorney's fees;

H.    That Plaintiff be awarded pre-judgment and post-judgment interest;

I. That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J. That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: February 19, 2020.

**FREEMAN LAW FIRM, INC.**

By: _____*s/ Spencer Freeman*_____
    Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98042
253-383-4500
253-383-45101 (fax)
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org

*Counsel for Plaintiff MG Premium Ltd*