# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS ZANG, an individual; HOWARD STROBLE, an individual; MATHEW BRADLEY, an individual; MICHAEL GOAL, an individual; MATEUSZ CZAJKA, aka CZAJKA MATEUSZ, aka CZAJKA WIESLAWA, an individual; and DOES 1-20, d/b/a YESPORNPLEASE.COM and/or VSHARE.IO,<br><br>Defendants. | Case No.: 3:20-cv-05134-BHS<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE FOR**

**ALTERNATIVE SERVICE**

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION FOR LEAVE FOR ALTERNATIVE SERVICE
1

1   The Court, having read all papers filed in connection with the Plaintiff's *Ex Parte* Motion
2   for Leave For Alternative Service, having considered the issues raised therein, and being
3   otherwise fully advised, it is hereby found that:

4   Plaintiff seeks leave to serve Defendants Howard Stroble, Mathew Bradley,
5   Michael Goal, Thomas Zang, and Mateusz Czajka by alternative means pursuant to
6   Fed.R.Civ.P. 4(h)(2) and Fed.R.Civ.P. 4(f)(3).

7   Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign
8   business entity in the manner prescribed by Rule 4(f) for individuals.

9   Federal Rule of Civil Procedure 4(f)(3) reads, in pertinent part:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:
> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on Service Abroad of Judicial and Extra Judicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does no specify other means, by a method that is reasonably calculated to give notice:
>
>  (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>  (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>  (C) unless prohibited by the foreign county's law, by;
>
>      (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>      (ii) using any form of mail that the clerk addresses and sends to the individual personally; or
>
>   (3) by other means not prohibited by international agreement, as the court orders. Fed. R. Civ. P. 4(f)(3).

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION FOR LEAVE FOR ALTERNATIVE SERVICE
2

Plaintiff seeks an order permitting service under Federal Rule of Civil Procedure 4(f)(3), which must be (1) directed by the court, and (2) not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002).

In reviewing Rule 4(f)(3), the Ninth Circuit found that "[n]o other limitations are evident from the text." *Id*. Rule 4(f) does not "create a hierarchy of preferred methods of service of process" and, "court -directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Id.*, 284 F.3d at 1015. Under Rule 4(f)(3), a method of service must comport with constitutional notions of due process and must not violate any international agreement. *Id.*, 284 F.3d at 1015, 1016. A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. However, in effectuating service of process under Fed.R.Civ.P. 4(f) (3), a plaintiff must obtain prior court approval for the alternative method of service. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004).

Plaintiff brings a copyright infringement action against Howard Stroble, Mathew Bradley, Michael Goal, Thomas Zang, and Mateusz Czajka seeking redress for Defendants' misappropriation of Plaintiff's copyrighted works.  In an attempt to determine the location of the owners and operators of the web sites, Plaintiff conducted early discovery, serving subpoenas on known vendors providing services for the web sites. Plaintiff discovered that these vendor accounts are in the name and/or control of Howard

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION FOR LEAVE FOR ALTERNATIVE SERVICE
3

Stroble, Mathew Bradley, Michael Goal, and Thomas Zang. Plaintiff further discovered that Mateusz Czajka is involved in operational control over the infringing web sites. For each defendant, either only partial addresses were provided to vendors or addresses which are clearly unrelated to the defendants were provided. Valid email address were located for each defendant. Thus, Plaintiff has email addresses for each Defendant, but has not obtained a valid physical addresses despite diligent efforts to find one.

In the absence of a valid address, Plaintiff cannot personally serve Defendants. In view of the difficulties surrounding personal service without the ability to determine an actual physical address, Plaintiff seeks an order permitting service on Defendants by email and has obtained email addresses for them. Plaintiff asserts that service through email comports with due process because it is reasonably calculated to inform Defendants of the impending action, and under the circumstances here, it is the only means of providing notice to Defendants.

In *Rio Properties*, the Ninth Circuit found that email was "the method most likely to reach" a defendant who operated a website from Costa Rica with no discoverable street address in either the United States or Costa Rica, and who only provided an email address as a contact. 284 F.3d at 1017-118. Like *Rio Properties*, Plaintiff argues Defendant are located in Russia, Columbia, Poland or Belize and have a business that is conducted through the internet. Furthermore, through its investigation, Plaintiff has been unable to determine a physical address for Defendants and is, thus, unable to serve Defendants by any other means.

Plaintiff also contends there is no authority that expressly provides or implies that email service is prohibited by international agreement, or otherwise, in Russia, Columbia, Poland or Belize. Additionally, the decision in *Rio Properties* and other cases from district courts nationwide support the proposition that service by email is not generally

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION FOR LEAVE FOR ALTERNATIVE SERVICE
4

prohibited by international agreement. *Bullex v. Yoo*, 2011 U.S. Dist. LEXIS 35628 (D. Utah Apr. 1, 2011) (finding email service appropriate upon defendant of unknown location in South Korea); *Bank Julius Baer & Co. Ltd v. Wikileaks*, 2008 WL 413737, at * 2 (N.D. Cal. 2008) (finding plaintiff had successfully demonstrated that service through email was not prohibited by an international agreement); *Williams-Sonoma Inc. v. Friendfinder Inc.,* 2007 1140639, at 2 (N.D. Cal. 2007) (concluding that there was no showing that service by email was prohibited by an international agreement).

The Court agrees and finds that service of Defendants Howard Stroble, Mathew Bradley, Michael Goal, Thomas Zang, and Mateusz Czajka through email is appropriate and that it comports with due process. Plaintiff has demonstrated that it has been unable to obtain a physical address for Defendants Howard Stroble, Mathew Bradley, Michael Goal, Thomas Zang, or Mateusz Czajka. Additionally, Plaintiff has shown that because Defendants conduct business through the internet, service through email will give Defendants sufficient notice and opportunity to respond. The Court also finds that issuing an order allowing service via email would not be prohibited by international agreement.

In accordance with the foregoing, **IT IS ORDERED** that Plaintiff's *Ex Parte* Motion for Alternate Service on Defendants Howard Stroble, Mathew Bradley, Michael Goal, Thomas Zang, and Mateusz Czajka is **GRANTED** and that these Defendants may be served at:

- Defendant Howard Stroble to mydiskisbrokenandicantrenew@bk.ru;
- Defendant Mathew Bradley to email v-cf837@pm.me;
- Defendant Michael Goal to email v-cf837@pm.me;
- Defendant Thomas Zang to email Belize.internet.services@bk.ru; and
- Defendant Mateusz Czajka to emails Otex24@gmail.com and otto@sotmsugmsl.com.

Service is valid upon transmission of an email to the Defendants.

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION FOR LEAVE FOR ALTERNATIVE SERVICE
5

Dated this 1st day of December, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER GRANTING PLAINTIFF'S *EX PARTE*
MOTION FOR LEAVE FOR ALTERNATIVE SERVICE
6