1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MG PREMIUM LTD.,

Plaintiff,

v.

THOMAS ZANG, et al.,

Defendants.

CASE NO. 3:20-cv-05134-BHS

ORDER ON MOTION FOR
DEFAULT JUDGMENT

13   THIS MATTER is before the Court on Plaintiff MG Premium Ltd.'s Motion for

14   Default Judgment, Dkt. 36. MG Premium asserts that it is "among the world's leading

15   providers of premium adult entertainment content." Dkt. 1 at 1. It alleges that Defendants

16   Thomas Zang, Howard Stroble, Mathew Bradley, Michael Goal, and Mateusz Czajka

17   operate two websites, yespornplease.com and vshare.io, that have willfully and illegally

18   hosted and displayed MG Premium's copyrighted audiovisual works. *Id*.

19   MG Premium sought and obtained from this Court permission to serve these

20   defendants via email, under Federal Rule of Civil Procedure 4(h). Dkts. 20 and 23. It

21   effected such service, Dkt. 33, and successfully moved for entry of default, Dkts. 32 and

22   34.

ORDER - 1

1    MG Premium now seeks a default judgment against each of the named

2  Defendants. Dkt. 36. It purports to demonstrate that Defendants have displayed 3,078 of

3  MG Premium's copyrighted works, without license or other authority, on

4  yespornplease.com. Dkt. 37, Declaration of Jason Tucker ("Tucker Decl."). 2,433 of

5  these video works were displayed after MG Premium registered them with the U.S.

6  Copyright Office. Dkt. 36 at 7. It alleges that the defendants did so willfully,[1] to generate

7  advertising revenue. *Id.* at 6–7. MG Premium also alleges that Defendants induced others

8  to infringe on its copyrighted works, actively encouraging users to post MG Premium's

9  adult video content on Defendants' sites. Dkt. 19 at 9.

10    MG Premium seeks statutory damages under the Copyright Act, 17 U.S.C.

11  § 504(c). It argues that because the infringement was willful, the Court should impose the

12  maximum per-work statutory damage award—$150,000—to deter the great infringement

13  temptation posed by modern technology. Dkt. 36 at 7 (citing *Superior Form Builders,*

14  *Inc. v. Dan Chase Taxidermy Supply Co*., 74 F.3d 488, 496–97 (4th Cir. 1996)

15  (sustaining maximum statutory damage award despite no proof of actual damages)).

16    MG Premium demonstrates that internet traffic to yespornplease.com is

17  "*extensive*," amounting to an average of 3.2 million unique users per month for the 24

18  months preceding the lawsuit. *Id.* at 9 (emphasis in original). It argues that the most

19  modestly priced subscription to one of its sites, Brazzers, is $9.99 per month. *Id.* Thus, it

20  claims, it "lost" revenue of $727,232,000 during that period (assuming that those who

21

[1] MG Premium's Motion also alleges that Defendants "intentionally, knowingly,
22  negligently, or by willful blindness built a library" of infringing works. Dkt. 36 at 5.

1    accessed the copyrighted adult videos for free would otherwise have purchased a

2    subscription). *Id.* It does not purport to claim how much Defendants made by infringing

3    but offers the staggering sum as an analog for the works' value, which Defendants

4    offered for free. *Id.*

5         MG Premium cites several cases for the proposition that maximum statutory

6    damages are warranted where the defendants acted willfully, Dkt. 36 at 10–12 (citing,

7    *inter alia*, *Perfect 10, Inc. v. Talisman Commc'ns., Inc*., No CV99-10450 RAP MCX,

8    2000 WL 364813 (C.D. Cal. Mar. 27, 2000)). It emphasizes that Defendants must not be

9    able to "sneer in the face of copyright owners and copyright laws," and that statutory

10   damages serve both a compensatory and a punitive purpose. *Id*. at 12 (quoting *Int'l*

11   *Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987)). MG Premium also

12   argues that willfulness is demonstrated by the Defendants' failure to appear and defend.

13   *Id.* (citing *Tiffany Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) ("By virtue of

14   the default, the [defaulting party's] infringement is deemed willful.")). MG Premium asks

15   the Court to impose the maximum statutory damage award, $150,000, for each of the

16   2,433 infringing videos, for a total of $364,950,000. Dkt. 36 at 20.

17        "In a case where the copyright owner sustains the burden of proving, and the court

18   finds, that infringement was committed willfully, the court in its discretion may increase

19   the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. §

20   504(c)(2).

21

22

1    The Court has wide discretion in determining the amount of statutory damages to

2    be awarded within the ranges provided by 17 U.S.C. § 504(c)(1)–(2). *Harris v. Emus*

3    *Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). It must do what is just in the

4    particular case, "considering the nature of the copyright, the circumstances of the

5    infringement and the like . . . but with the express qualification that in every case the

6    assessment must be within the prescribed [statutory range]. Within these limitations the

7    court's *discretion and sense of justice* are controlling." *See F.W. Woolworth Co. v.*

8    *Contemp. Arts, Inc.*, 344 U.S. 228, 232 (1952). "Statutory damages are particularly

9    appropriate in a case . . . in which [a] defendant has failed to mount any defense or to

10   participate in discovery." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal.

11   2003). Further, "[b]ecause awards of statutory damages serve both compensatory and

12   punitive purposes, a plaintiff may recover statutory damages 'whether or not there is

13   adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by

14   defendant." *L.A. News Serv. v. Reuters Television Int'l., Ltd.*, 149 F.3d 987, 996 (9th Cir.

15   1998) (quoting *Harris,* 734 F.2d at 1335); *see also Getty Images (U.S.), Inc. v. Virtual*

16   *Clinics*, No C13-0626 JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014).

17        MG Premium has established that Defendants willfully infringed its copyrights,

18   2,433 times, and an award of statutory damages is warranted and required. However, the

19   Court in its discretion declines to award the maximum per-video statutory damages.

20        First, while MG Premium has demonstrated that maximum statutory damage

21   awards are often affirmed when the infringement is willful, it has not cited a case making

22   or affirming a statutory damages award anywhere near the sum it seeks, particularly

1  against individual defendants. Further, MG Premium's claimed lost revenue is

2  speculative; the 3.2 million users it cites admittedly did not pay Defendants the sum it

3  claims it charges for access to its adult videos. In other words, MG Premium did not lose,

4  and Defendants did not make, $727 million when Defendants provided free access to MG

5  Premium's protected works. $365 million is similarly not a fair or accurate estimation of

6  any lost revenue, or of illicit profit.

7  The Court agrees that a large award also serves the laudable and important goal of

8  deterring infringement, but the amount sought is far more than "large," it is obscene. The

9  deterrent effect of a more reasonable—but still massive—award will be adequate, even

10  though it is perhaps unlikely that any significant judgment will be paid. It is difficult to

11  imagine that the five individual defendants have the sort of assets required to pay the

12  judgment MG Premium seeks. Furthermore, the injunction MG Premium seeks will also

13  deter further infringement, and it is far more likely be effective.

14  In its discretion and in the interests of justice, the Court will therefore award

15  statutory damages of **$15,000** for each of the **2,433** offending videos, for a total of

16  **$36,495,000**. The award is against the five individual defendants, jointly and severally.

17  MG Premium also seeks an injunction, arguing that monetary damages alone are

18  not adequate. The Copyright Act authorizes the Court to "grant temporary and final

19  injunctions on such terms as it may deem reasonable to prevent or restrain infringement

20  of a copyright." 17 U.S.C. § 502(a). The Court may grant a permanent injunction where

21  the plaintiff demonstrates that (1) "it has suffered an irreparable injury;" (2) "remedies

22  available at law, such as monetary damages, are inadequate to compensate for that

1 | injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a

2 | remedy in equity is warranted;" and (4) "the public interest would not be disserved by a

3 | permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

4 | The Court does so in the exercise of its equitable discretion. *Id.*

5 |      MG Premium argues that it has demonstrated each of these elements, and the

6 | Court agrees. As to irreparable harm., MG Premium has demonstrated that the

7 | Defendants compete with it and that their infringement has caused a loss of market share,

8 | customers, and good will. *See* Dkt. 36 at 13–15. It is also apparent that monetary

9 | damages will not be adequate to prevent future infringement, or to stop the injuries MG

10 | Premium is suffering. It is not likely that MG Premium will be able to collect its default

11 | judgment. Furthermore, the balance of hardships in the absence of injunctive relief tilts

12 | sharply toward the plaintiff, and the public interest is served by granting injunctive relief.

13 | *See Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983)

14 | ("[I]t is virtually axiomatic that the public interest can only be served by upholding

15 | copyright protections and, correspondingly, preventing the misappropriation of the skills,

16 | creative energies, and resources which are invested in the protected work."). In short, MG

17 | Premium is entitled to a permanent injunction precluding Defendants from infringing on

18 | its copyright-protected works.

19 |      MG Premium also asks the Court to order non-party Verisign, Inc. (the registry

20 | for .com domain names) to disable the domain "yespornplease.com" and transfer it from

21 | the defendants to MG Premium. Dkt. 36 at 17 (citing, *inter alia*, *China Cent. Television v.*

22 | *Create New Tech. (HK) Ltd.*, No. CV 15-01869 MMM (AJWx), 2016 WL 6871281 (C.D.

1  Cal. Apr. 4, 2016); *DISH Network L.L.C. v. Dima Furniture, Inc.*, No. TDC-17-3817,

2  2019 WL 2498224 at \*8–9 (D. Md. June 17, 2019)). The Court agrees, and will ORDER

3  that Verisign, Inc. DISABLE and TRANSFER Defendants' domain name

4  "yespornplease.com" to plaintiff MG Premium.

5       Finally, MG Premium seeks a relatively modest $34,874 in attorneys' fees and

6  $2,085 costs, for an additional $36,959. These fees and costs appear reasonable in light of

7  the stakes and the effort reflected in the record, and the Court will order such an award of

8  fees and costs under 17 U.S.C. § 505.

9       The Clerk shall enter a JUDGMENT consistent with this Order and close the case.

10      **IT IS SO ORDERED.**

11      Dated this 1st day of March, 2022.

12

13

14      BENJAMIN H. SETTLE
        United States District Judge

15

16

17

18

19

20

21

22

ORDER - 7